**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1263**

_____

FAUSTO QUINTERO SOLELO,

        Petitioner,

     v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  January 13, 2023                          Decided:  July 15, 2024

_____

Before GREGORY and THACKER, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:** John E. Gallagher, Catonsville, Maryland, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Corey L. Farrell, Acting Senior Litigation Counsel, Sarah L. Martin, Office of Immigration Litigation, Civil Division, UNTIED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fausto Quintero Solelo petitions for review of a Board of Immigration Appeals decision affirming an Immigration Judge's denial of his petition for cancellation of removal. The Immigration Judge and Board of Immigration Appeals denied Solelo's petition on the basis that he failed to establish under 8 U.S.C. § 1229b(b)(1)(D) that his removal would impose "exceptional and extremely unusual hardship" on his United States citizen children. We hold that the Immigration Judge correctly concluded that the record does not support a determination that Solelo's children will suffer exceptional and extremely unusual hardship if Solelo is removed. Further, nothing in the record supports Solelo's argument that the Immigration Judge failed to follow the requisite procedures during the proceedings before the agency. Accordingly, we deny Solelo's petition for review.

I.

Solelo is a citizen of Mexico. A.R. 1126.[1] He last entered the United States in 1999 by crossing the border from Mexico into the United States near Eagle Pass, Texas. A.R. 630, 632. Since 1999, Solelo has remained in the United States. A.R. 632. Also in 1999, Solelo married Irma Ebelin Mendoza, and together Solelo and Mendoza have three children, all of whom are U.S. citizens. A.R. 118, 757, 910, 974. Since 2000, the family has lived in Baltimore, Maryland. A.R. 123.

---

[1] Citations to the "A.R" refer to the administrative record filed by the parties in this appeal.

In 2012, the federal government initiated removal proceedings against Solelo. A.R. 1127–28. In the course of those proceedings, Solelo filed a petition for cancellation of removal on the basis that his removal would cause exceptional and extremely unusual hardship for his U.S. citizen children.

The Immigration Judge (IJ) assigned to the case heard testimony in support of the petition in 2017. Solelo, Mendoza, the couple's eldest daughter, and the family's pastor all testified. Their testimony reveals that Solelo has been the sole bread winner of the family since 2013, when Mendoza quit her job at a laundry service business to care for the couple's children. A.R. 131–32, 171.

Solelo's parents and siblings still live in Mexico, as does most of Mendoza's family. A.R. 132–33. The couple's children have traveled to Mexico in the past to visit their grandparents. A.R. 133. The children speak Spanish, though they cannot read or write in Spanish. A.R. 133, 164. The children are also in good health. A.R. 133.

The eldest daughter, who planned to pursue a nursing career at the time of her testimony, testified that she has a stronger relationship with her father than with her mother. While Solelo helps her with her schoolwork and supports her, her mother can be judgmental and is not as supportive. A.R. 157, 161. As a result, the relationship with her mother is strained. A.R. 161. The eldest daughter also testified that Solelo's relationship with her siblings is similar to his relationship with her. A.R. 164. Finally, she testified about her extended family, though some of this testimony is inconsistent. On the one hand, she testified that she has no uncles or other family in the United States that might serve as a father figure if Solelo is removed. A.R. 159. On the other, she testified that she has aunts

3

and uncles living in Texas and Maryland, including Mendoza's older brother in Maryland. A.R. 160–61.

Mendoza testified that if Solelo is removed, she will try to find work again to support herself and her children. A.R. 173. However, she expressed concern about finding employment that would meet the family's financial needs, particularly because she has been out of work for several years. A.R. 173–74. She speculated that if Solelo is removed, their eldest daughter may have to forego further education to work a fulltime job and help support the family. *Id.* Alternatively, Mendoza might have to work two fulltime jobs. A.R. 174. The family might also be forced to leave their home and move in with one of Mendoza's siblings. A.R. 176. Finally, Mendoza expressed concern about unspecified "security issues" in Mexico that might endanger her children if the family moved to Mexico with Solelo. *Id.*

The IJ issued a written decision denying Solelo's petition for cancellation of removal on April 18, 2019. A.R. 34–42. The IJ concluded that the record did not establish that Solelo's children would experience exceptional and extremely unusual hardship if Solelo is removed. A.R. 40–41. Any hardship, the IJ reasoned, would not be "beyond that which is normally experienced in cases of removal." A.R. 41 (citing *Matter of Recinas*, 23 I.&N. Dec. 467, 472 (B.I.A. 2002)). The IJ explained that, although Solelo's children "would surely suffer some hardship" as a result of their father's removal, that hardship would be mitigated as a result of existing family ties to Mexico, their ability to visit or live with their father in Mexico, their mother's ability to obtain employment to support the family, and other relatives residing in the United States who could also help "mitigate any financial hardship." A.R. 41. Accordingly, because the IJ concluded that Solelo had not met his burden to

4

establish that his children would face exceptional and extremely unusual hardship, the IJ denied the petition for cancellation of removal and ordered Solelo to be removed. A.R. 42.

Solelo appealed to the Board of Immigration appeals, which dismissed the appeal, affirming the IJ's decision. A.R. 1–4. Solelo then timely filed this petition for review of the agency's decision. We deny that petition.

## II.

Where, as here, the Board adopts the Immigration Judge's decision as its own, we review both the Board's opinion and the Immigration Judge's decision together. *See Gonzalez Galvan v. Garland*, 6 F.4th 552, 556 (4th Cir. 2021) *abrogated on other grounds by Wilkinson v. Garland*, 601 U.S. 209 (2024); *Martinez v. Holder*, 740 F.3d 902, 908 n.1 (4th Cir. 2014). Whether the "exceptional and extremely unusual hardship" standard is met is a mixed question of law and fact subject to deferential review. *See Wilkinson v. Garland*, 601 U.S. 209, 220, 222 (2024) (instructing that "a more deferential standard of review" applies). We need not decide today, however, which standard of review is appropriate because we reach the same conclusion under any standard.

When reviewing the IJ's hardship decision, we must not disturb any of the IJ's factual findings, because 8 U.S.C. § 1252(a)(2)(B)(i) deprives us of jurisdiction to review questions of fact arising from removal proceedings. However, we can review whether the agency complied with statutorily imposed procedural requirements, because that is a question of law, not of fact. *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221,

1226 (D.C. Cir. 1993); *see* 8 U.S.C. § 1252(a)(2)(D).  We review that question de novo. *Marshall Cnty. Health Care Auth.* 988 F.2d at 1226.

### III.

If an IJ, on the government's motion, finds a noncitizen[2] to be removable, the noncitizen may seek discretionary relief from removal.  *See* 8 U.S.C. § 1229b.  One such form of discretionary relief is cancellation of removal.  § 1229b(b)(1).  "An IJ deciding a noncitizen's request for cancellation of removal proceeds in two steps."  *Wilkinson*, 601 U.S. at 212.  First, the IJ must determine whether the noncitizen is eligible for cancellation of removal under the statute.  *Id.*  A noncitizen is eligible for cancellation of removal if (1) he "has been physically present in the United States for a continuous period of not less than 10 years" before he applies, (2) he "has been a person of good moral character during such period," (3) he has not been convicted of certain criminal offenses, and (4) he "establishes that removal would result in exceptional and extremely unusual hardship" to a qualifying relative, meaning a spouse, parent, or child who is a U.S. citizen or lawful permanent resident.  §§ 1229b(b)(1)(A)–(D).  If all four statutory criteria are met, the IJ proceeds to the second step:  a discretionary decision of whether to grant the noncitizen the relief sought.  *Wilkinson*, 601 U.S. at 212–13.

The IJ concluded that the first three statutory criteria were met, but that Solelo had not established that his children would suffer exceptional and extremely unusual hardship

---

[2] In line with Supreme Court practice, "[t]his opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

6

as a result of his removal. A.R. 40–41. The IJ thus did not proceed to the second step of the analysis, instead denying Solelo's petition on the basis of having failed to establish the fourth statutory criterion. The Board adopted and affirmed the IJ's conclusion and analysis in full. A.R. 3. We conclude that the IJ and the Board did not err in denying the petition for cancellation of removal on the basis that the facts (as the IJ found them) do not rise to the requisite level of hardship.

Hardship is exceptional and extremely unusual if it is "substantially beyond the ordinary hardship that would be expected when a close family member is removed." *Gonzalez Galvan*, 6 F.4th at 561 *abrogated on other grounds by Wilkinson*, 601 U.S. 209 (cleaned up). Relevant factors in assessing hardship include the qualifying relative's age, health, length of residence in the United States, and family and community ties in the United States and country of removal. *Matter of Monreal*, 23 I.&N. Dec. 56, 63 (B.I.A. 2001); *Matter of Andazola-Rivas*, 23 I.&N. Dec. 319, 319–22 (B.I.A. 2002); *Matter of Recinas*, 23 I.&N. Dec. at 468–70.

With respect to emotional hardship, the IJ found that Solelo provides his children "with the emotional support that is expected of a father who cares for his children," but that the children could visit Solelo in Mexico because they had, in fact, previously visited other relatives in Mexico. A.R. 41. As a result, the IJ concluded that the emotional hardship the children would experience was not "well beyond that which is normally experienced in cases of removal." *Id.* (citing *Matter of Recinas*, 23 I.&N. Dec. at 472). With respect to financial hardship, the IJ found that Solelo is the "sole financial provider for his family," and that his children might experience some financial hardship in his absence as a result.

7

*Id.* However, that financial hardship could be mitigated, because Mendoza could look for work again, the family owned real estate in the United States, and other family members in the United States "would likely be able to provide some monetary support" as well. *Id.* Thus, the IJ concluded that financial hardship also did not rise to the requisite level. Finally, the IJ found that the children were "all in good health and do well in school." *Id.*

Taking this evidence together, the IJ concluded that there "is no evidence in the record to indicate that [Solelo's] children would suffer any hardship beyond that which normally occurs during the removal of a close family member." *Id.* We agree that, while the facts support a finding of both emotional and financial hardship, that hardship is not "substantially beyond the ordinary hardship that would be expected when a close family member is removed." *Gonzalez Galvan*, 6 F.4th at 561 (cleaned up). Accordingly, the IJ did not err in concluding that Solelo is not eligible for cancellation of removal because he does not meet the fourth statutory criterion.

Solelo additionally argues that the IJ "relied on non-record evidence in her decision making process" and "distorted the correct legal standard." Opening Br. at 15. Though Solelo attempts to characterize this as a constitutional due process claim, it is in reality an argument that the IJ failed to follow the statutorily imposed procedural requirements. Section 1229a requires IJs to base their decision "only on the evidence produced at the hearing." Section 1229b sets forth the applicable legal standard for cancellation of removal petitions (the exceptional and extremely unusual hardship standard). It is those statutory requirements that Solelo argues the IJ did not follow.

8

Having concluded that the IJ correctly determined that Solelo did not establish exceptional and extremely unusual hardship, we reject the contention that the IJ distorted the applicable legal standard. The IJ's recitation of the standard in its written opinion correctly states the applicable law, and its application of that standard to the facts aligns with existing precedent.

As to Solelo's claim that the IJ relied on evidence outside the record, we must reject that argument as well. Solelo asserts that the IJ "invented home equity in Petitioner's home to distort and downplay the significant financial harm that his family will suffer." Opening Br. at 15. This apparently refers to the IJ's statement that Mendoza testified that the value of the home Mendoza and Solelo own "is between $240,000 and $260,000." A.R. 41. But that is not equity that the IJ "invented." Instead, the IJ's statement is an accurate reflection of Mendoza's testimony. *See* A.R. 131.

Solelo asserts that the IJ also downplayed the significance of the financial hardship the family would face if Solelo is removed by asserting that Mendoza would "look for work." Opening Br. at 15–16. But this too is an accurate recitation of Mendoza's testimony. *See* A.R. 174. And, contrary to what Solelo argues in his brief, the IJ allowed that the family would face some financial hardship on account of the fact that Solelo is currently the sole breadwinner. *See* A.R. 41. The IJ correctly concluded, however, that such hardship was not exceptional and extremely unusual.

In the same vein, Solelo contends that the IJ failed to address unspecified "security issues" in Mexico that Mendoza mentioned in her testimony, and that the IJ's statement that Solelo's children could visit him in Mexico improperly assumed that there would be

9

sufficient funds for the children to travel. Opening Br. at 16. Solelo does not explain, however, how any such security issues would affect his family specifically, nor do his conclusory assertions provide a sufficient basis for us to question the IJ's statement that it had "considered the arguments of both parties and the entire record carefully." A.R. 40.

Finally, Solelo asserts that the IJ ignored the eldest daughter's "testimony regarding her relationship with" Solelo and the fact that she may be "unable to attend college because she will be forced to help support her siblings and her mother." Opening Br. at 16–17. Even if we were to hold that the IJ did not sufficiently consider this testimony, it would not help Solelo. The eldest daughter has turned 21 during the pendency of these proceedings and thus is no longer a qualifying relative for purposes of cancellation of removal. *See* 8 U.S.C. § 1101(b)(1) (defining "child" as "an unmarried person under twenty-one years of age"). Only hardship experienced by Solelo's two younger children would now establish eligibility for cancellation of removal.

In short, Solelo's contentions that the IJ relied on evidence outside the record and distorted the applicable legal standard is belied by the record and the IJ's carefully explained opinion.

Accordingly, finding no error, we deny Solelo's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*PETITION DENIED*